**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| OP III ATX HIGHRIDGE, LP, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 1:26-cv-02977 |
| | § | |
| v. | § | (Removed from Cause No. 26-3106-C425, |
| | § | 425th Judicial District Court, |
| TERRA CARTA PARTNERS LLC, | § | Williamson County, Texas) |
| | § | |
| Defendant. | § | |

**DEFENDANT TERRA CARTA PARTNERS LLC'S NOTICE OF REMOVAL**
**(28 U.S.C. §§ 1334 and 1452(a); Fed. R. Bankr. P. 9027)**

Defendant Terra Carta Partners LLC ("Terra Carta") files this Notice of Removal under 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure, removing to this Court the civil action styled OP III ATX Highridge, LP v. Terra Carta Partners LLC, Cause No. 26-3106-C425, pending in the 425th Judicial District Court of Williamson County, Texas (the "State Court Action"). In support, Terra Carta states as follows:

## I. THE STATE COURT ACTION

1. On September 4, 2026, Plaintiff OP III ATX Highridge, LP ("OP III ATX") filed its Original Petition in the State Court Action against Terra Carta as the sole defendant. OP III ATX seeks a declaration that an Earnest Money Contract dated November 3, 2023, a First Amendment to Earnest Money Contract effective January 11, 2024, and a Special Warranty Deed recorded January 16, 2024 as Williamson County Document No. 2024003269 (the "Deed") are valid, and alternatively seeks to quiet title and asserts a claim in trespass to try title, each concerning three tracts of real property totaling 339.80 acres in Cedar Park, Williamson County, Texas (the "Land").

2. Terra Carta was served with the Original Petition on October 1, 2026. Terra Carta's answer is not yet due. No other party has appeared, no hearing has been set, and no order has been

entered in the State Court Action. A copy of the state court's docket sheet is attached as Exhibit A-1.

3. Terra Carta has never held record title to the Land. Before the Deed, record title to the Land was held by High Ridge Development LLC, High Ridge Development II LLC and High Ridge Development III LLC (the "High Ridge Companies"), each a Delaware limited liability company, which acquired the three tracts in 2021 (Williamson County Document Nos. 2021045638, 2021089316 and 2021184630). The Deed was signed in the names of the High Ridge Companies by a person who held no office or agency of any of them or of their manager. OP III ATX did not name the High Ridge Companies in the State Court Action.

4. Williamson County, Texas is within the Austin Division of the Western District of Texas. 28 U.S.C. § 124(d)(1). This Court is therefore the district court for the district and division within which the State Court Action is pending, and this Notice is filed here as Rule 9027(a)(1) requires.

**II. THE GREEN SAPPHIRE AND AFFILIATE CHAPTER 11 CASES**

5. On July 21, 2026, an involuntary petition under chapter 11 of title 11 of the United States Code was filed against Green Sapphire Holdings, Inc. ("GSH") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Case No. 26-33254-mvl11, pending before the Honorable Michelle V. Larson (the "Bankruptcy Case"). The Bankruptcy Court entered the order for relief on September 28, 2026 (Dkt. No. 78), and GSH continues in possession of its property as debtor in possession under 11 U.S.C. §§ 1107(a) and 1108. A copy of the order for relief and the docket sheet of the Bankruptcy Case are attached as Exhibit B.

6. GSH is the sole member of Terra Carta and of TCP MGR LLC, which is the Manager of Terra Carta, of High Ridge Development II LLC and High Ridge Development III

LLC; Terra Carta, acting through TCP MGR LLC, is the Manager of HRD Holdings LLC, the sole member of High Ridge Development LLC. Terra Carta is the sole member of High Ridge Development III LLC. GSH funded the High Ridge Companies' acquisition of the Land by advances and holds claims against the High Ridge Companies for their repayment. CommunityBank of Texas, N.A. (now Prosperity Bank, successor by merger to Stellar Bank) holds a guaranty, signed in GSH's name by a person whom GSH's board never authorized to sign it, of the $39,096,000 loan to High Ridge Development III LLC that is secured by liens on the Land and that OP III ATX assumed as the consideration for the Deed. That guaranty was not released at the January 2024 closing. The Unconditional Release and Waiver of Claims dated January 12, 2024, delivered to OP III ATX as a condition of the Deed, purports to release claims on behalf of Terra Carta's and the High Ridge Companies' "parents" and "affiliates," and OP III ATX contends that it binds GSH.

7. On October 16, 2026, Terra Carta, High Ridge Development LLC, High Ridge Development II LLC and High Ridge Development III LLC each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the same court: Terra Carta, Case No. 26-34767-sgj11 (the "Terra Carta Case"); High Ridge Development LLC, Case No. 26-34770-mvl11; High Ridge Development II LLC, Case No. 26-34772-sgj11; and High Ridge Development III LLC, Case No. 26-34771-swe11 (together, the "High Ridge Cases" and, with the Terra Carta Case, the "Affiliate Cases"). Each continues in possession of its property as debtor in possession under 11 U.S.C. §§ 1107(a) and 1108. Copies of the petitions and the docket sheets of the Affiliate Cases are attached as Exhibit B.

## III. GROUNDS FOR REMOVAL

8. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Any party to the civil action may remove; the removing party need not be a debtor. Under 28 U.S.C. § 1334(b), the district courts have original jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11, and under § 1334(e)(1) the district court in which a case under title 11 is pending has exclusive jurisdiction of all property of the debtor as of the commencement of the case and of property of the estate.

9. This Court has jurisdiction of the claims in the State Court Action under 28 U.S.C. § 1334(b) because the State Court Action is related to the Bankruptcy Case. A proceeding is "related to" a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Wood, 825 F.2d 90, 93 (5th Cir. 1987) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). The only relief OP III ATX seeks is a declaration that the Earnest Money Contract, the First Amendment and the Deed are valid and that title to the Land is in OP III ATX. That determination affects the GSH estate in at least four ways. First, GSH's estate includes its membership interests in Terra Carta and TCP MGR LLC and, through Terra Carta, High Ridge Development III LLC, whose only asset was its tract of the Land; a judgment confirming the Deed fixes the value of those interests. Second, GSH's estate includes its claims against the High Ridge Companies for the advances that funded the Land, which are collectible only if the Land or its value is recovered. Third, the lender holds a guaranty of the assumed loan signed in GSH's name, which was not released at closing, so the validity of the Deed and the assumption determines the exposure the lender asserts against GSH on that guaranty.

Fourth, OP III ATX contends that the release delivered as a condition of the Deed binds GSH; a declaration that the Deed and the instruments delivered with it are valid would be asserted against claims that are property of the GSH estate. Each of those effects is more than conceivable. The State Court Action is therefore a civil proceeding related to the Bankruptcy Case within 28 U.S.C. § 1334(b), and this Court has jurisdiction of it.

10. The State Court Action is also related to the Terra Carta Case. Terra Carta is itself a debtor in a case under title 11, and OP III ATX's claims are claims against it. Terra Carta's estate has its own claims against Endeavor Real Estate Group, LLC, including its claim to avoid and recover, as a fraudulent transfer, the $480,000 of Terra Carta's funds debited from its WSFS Bank account ending 8167 on February 23, 2023 and transferred to or for the benefit of Endeavor, which Terra Carta intends to assert in an adversary proceeding in the Bankruptcy Court.[1] OP III ATX is Endeavor's acquisition vehicle: Ben Bufkin, Executive Vice President of its general partner, EOP III Sub GP, LLC, signed the First Amendment for it. A judgment in the State Court Action would bear on those claims and on the value of Terra Carta's interest in High Ridge Development III LLC. Under 11 U.S.C. § 362(a)(1), the continuation of the State Court Action against Terra Carta is stayed.

11. The State Court Action is also related to the High Ridge Cases. Before the Deed, record title to the Land was held by High Ridge Development LLC, High Ridge Development II LLC and High Ridge Development III LLC (paragraph 3). Each of them is now a debtor, and each holds, as property of its estate, its claim to its tract and to avoid the conveyance made by the Deed. The declaration OP III ATX seeks, that the Deed is valid and that title to the Land is in OP III ATX, would decide those claims. Each intends to commence an adversary proceeding in the Bankruptcy

[1] The adversary proceedings described in paragraphs 10 and 11 are in the process of being filed. Terra Carta will supplement this Notice with the adversary proceeding case numbers once they are assigned.

Court against OP III ATX and the Endeavor entities for whose benefit OP III ATX took the Land, to avoid the conveyance and recover its tract.

12. This Notice is timely. Under Rule 9027(a)(3), where a claim or cause of action is asserted in a civil action initiated after the commencement of the case under title 11, a notice of removal may be filed within the shorter of 30 days after receipt by the removing party of the initial pleading or 30 days after receipt of the summons if the initial pleading was filed with the court but not served. The State Court Action was initiated on September 4, 2026, after the commencement of the Bankruptcy Case on July 21, 2026, and Terra Carta received the initial pleading on October 1, 2026. This Notice is filed within 30 days of that date.

## IV. STATEMENT UNDER RULE 9027(a)(1)

13. Upon removal, the claims and causes of action asserted in the State Court Action are core proceedings under 28 U.S.C. § 157(b)(2)(A), (H) and (O): the declaration OP III ATX seeks would determine whether the conveyance of the Land made by the Deed is avoided and the tracts recovered for the High Ridge Companies' estates. Terra Carta consents to the entry of final orders and judgment by the bankruptcy judge, including as to any claim determined to be non-core.

## V. REMOVAL OF THE ENTIRE ACTION; REFERRAL; RELATED MOTION TO TRANSFER

14. Terra Carta removes the State Court Action in its entirety. Under the Order of Reference of this Court, the removed action is referred to the bankruptcy judges of the Western District of Texas. Contemporaneously with this Notice, Terra Carta is filing a motion under 28 U.S.C. § 1412 and Rule 7087 of the Federal Rules of Bankruptcy Procedure to transfer the removed action to the United States District Court for the Northern District of Texas, Dallas Division, for referral to the Bankruptcy Court in which the Bankruptcy Case is pending.

15. Terra Carta does not, by this Notice, waive any defense, objection or right, including any challenge to the validity of the Deed or of any instrument delivered with it, any defense based on the absence of authority of the person who signed those instruments, or any right to seek dismissal or other relief in the transferee court.

## VI. PROCESS, PLEADINGS AND ORDERS; NOTICE; LOCAL RULE CV-81

16. As required by Rule 9027(a)(1) and Local Rule CV-81, Terra Carta attaches as Exhibit A copies of all process, pleadings and orders served or filed in the State Court Action, with an index, together with the state court's docket sheet (Exhibit A-1); as Exhibit C a list of all parties to the State Court Action and their counsel of record, with addresses, telephone numbers and email addresses; and, filed with this Notice, the Civil Cover Sheet (JS 44) and the Supplement to the Civil Cover Sheet required by this Court. A jury trial is requested in the state court action.

17. Promptly after filing this Notice, Terra Carta will file a copy of it with the District Clerk of Williamson County, Texas for filing in Cause No. 26-3106-C425, and will serve a copy on all parties to the State Court Action, as Rule 9027(b) and (c) require. Upon that filing, removal is effected, and the parties shall proceed no further in the state court unless and until the claim or cause of action is remanded.

18. Under Rule 9027(e)(3), any party who has filed a pleading in connection with the removed claim or cause of action, other than Terra Carta, shall file a statement within 14 days after the filing of this Notice admitting or denying the allegation in paragraph 13 that the claims are core proceedings and stating whether the party consents to entry of final orders or judgment by the bankruptcy judge.

## VII. CONCLUSION

Terra Carta Partners LLC gives notice that the State Court Action, Cause No. 26-3106-C425 in the 425th Judicial District Court of Williamson County, Texas, is removed to this Court in its entirety.

Dated: October 21, 2026

Respectfully submitted,

**LAW OFFICES OF MANGANELLI, LEIDER & SAVIO, P.A.**

By: /s/ Christian Savio
Christian Savio, Florida Bar No. 84649
1900 N.W. Corporate Blvd., Ste. 200W
Boca Raton, Florida 33431
Telephone: (561) 826-1740; Facsimile: (561) 826-1741
Email: CSavio@mls-pa.com
*Attorneys for the Debtor/Defendant*

**GHIDOTTI BERGER**

Jessica Henry, Esq., Texas Bar No. 24119431
16801 Addison Road, Suite 350
Addison, TX 75001
Telephone: (949) 427-2010 ext. 1226
Facsimile: 949-427-2732
Email: JHenry@ghidottiberger.com
*Local Counsel for the Debtor/Defendant*

## CERTIFICATE OF SERVICE

I certify that on October 21, 2026, a true and correct copy of the foregoing Notice of Removal, with all exhibits, was served on counsel of record for Plaintiff OP III ATX Highridge, LP, Michael L. Navarre, Beatty Navarre Strama, P.C., 901 S. MoPac Expressway, Barton Oaks Plaza Building 1, Suite 200, Austin, Texas 78746, mnavarre@bnsfirm.com, by email and by

certified mail, return receipt requested, and that a copy of this Notice was filed with the District Clerk of Williamson County, Texas in Cause No. 26-3106-C425.

/s/ Christian Savio
Christian Savio

**INDEX OF EXHIBITS**

Exhibit A: Index of all process, pleadings and orders in Cause No. 26-3106-C425, with copies: A-1 docket sheet; A-2 Original Petition filed September 4, 2026; A-3 citation and return of service, October 1, 2026

Exhibit B: Order for relief and docket sheet, In re Green Sapphire Holdings, Inc., Case No. 26-33254-mvl11 (Bankr. N.D. Tex.); voluntary petitions and docket sheets, In re Terra Carta Partners LLC, In re High Ridge Development LLC, In re High Ridge Development II LLC and In re High Ridge Development III LLC, Case Nos. 26-34767-sgj11, 26-34770-mvl11, 26-34772-sgj11 and 26-34771-swe11 (Bankr. N.D. Tex.)

Exhibit C: List of all parties and counsel of record in the State Court Action (Local Rule CV-81)

Filed with this Notice: Civil Cover Sheet (JS 44); Supplement to JS 44 Civil Cover Sheet (W.D. Tex.)